UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11059-RGS

METROPOLITAN PROPERTY AND CASUALTY INSURANCE CO.

v.

A.B. PHYSICAL THERAPY, LLC,

ORDER ON MOTIONS TO DISMISS FIRST AMENDED COMPLAINT BY GREGORY BERGER, ARKADI KATSNELSON, BORIS KATSNELSON, A.B. PHYSICAL THERAPY, LLC, and ARDI PHYSICAL THERAPY, INC.

February 1, 2013

STEARNS, D.J.

In the Amended Complaint, plaintiff Metropolitan Property and Casualty Insurance Co. alleges that corporate defendants A.B. Physical Therapy, LLC (ABPT), and ARDI Physical Therapy, Inc. (ARDIPT), and the named individual defendants jointly engaged in a fraudulent over-utilization scheme to inflate motor vehicle personal injury claims submitted to and reimbursed by Metropolitan. As evidence of the scheme, Metropolitan points to the statistically improbable fact that virtually every patient evaluation claim it received from ABPT and/or ARDIPT was billed as "moderately complex," the fourth most expensive of five possible evaluation

categories.[1]  Although 90 percent of all soft tissue injuries resolve in less than six weeks, every patient[2] treated by ABPT and/or ARDIPT at Metropolitan's expense underwent more than six weeks of therapy or twenty treatment visits.  Metropolitan also alleges that as a result of the inflated medical bills, it had to pay litigation costs and damages for pain and suffering that would otherwise have been barred by the no-fault system threshold.[3]

Individual defendants Boris Katsnelson and Arkadi Katsnelson are the principals of ABPT and ARDIPT, respectively.  Defendant Swaran Goswami is a medical doctor employed by ABPT and/or ARDIPT, who is alleged to have "always refer[red] patients for physical therapy" to ABPT and/or ARDIPT.  Am. Compl. ¶¶ 105-106.  Defendants Domenic Visocchi, David Bacani, Jerome Mackesy, Gregory Berger, and Farrokh Najafi are physical therapists employed by the corporate defendants.  Defendants Silvia T. Peloso, Edward Rossi, and Thomas Murray are physical therapy assistants.

---

[1] In one instance, an established patient evaluation was billed as a lengthier (and more expensive) new patient evaluation.

[2] In the Amended Complaint, Metropolitan includes a table of fifty patients who were treated by ABPT and/or ARDIPT, the time period of the treatments, and the length and frequency of the treatments.

[3] Under Mass. Gen. Laws ch. 231, § 6D, a person allegedly injured in a motor vehicle accident may only seek monetary damages for pain and suffering in a tort action if the reasonable and necessary medical treatment expenses exceeded $2,000.

Defendants Jeanette Lopez, Giselle Bello, Jacqueline Lugo, and Grisse Pena are office administrators. Defendants Trigilda Velez, Raymond Rafael Pabon, and Felix Minyette are liverymen.

The Amended Complaint asserts eight claims. Count I alleges common-law fraud and deceit against all defendants. Count II alleges a civil conspiracy to commit fraud on the part of ABPT, ARDIPT, and the Katsnelsons. Counts III-V allege breach of contract and violations of Mass. Gen. Laws ch. 90, §§ 34A and 34M, intentional interference with contractual relations, and intentional interference with advantageous relationships.[4] Count VI alleges unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A against ABPT and ARDIPT. Counts VII and VIII seek injunctive and equitable relief.

Before the court are motions filed by Berger (dkt # 61), the Katsnelsons (dkt # 68), and ABPT and ARDIPT (dkt # 70), to dismiss the Amended Complaint for failure to state claims upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the factual allegations of a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 559 (2007); *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008). As the Supreme Court has emphasized, this standard "demands more than an unadorned,

---

[4] These three counts are alleged generally against "defendants."

the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

### Claims against ABPT, ARDIPT, and the Katsnelsons

*Counts I & II – fraud-based claims*

ABPT, ARDIPT, and the Katsnelsons contend that the fraud and conspiracy claims were not pled with the particularity required by Fed. R. Civ. P. 9(b). "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The heightened pleading standard is satisfied by an averment of "the who, what, where, and when of the allegedly false or fraudulent representation." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004). "The requirement that supporting facts be pleaded applies even when the fraud relates to matters peculiarly within the knowledge of the opposing party." *Wayne Inv., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 14 (1st Cir. 1984). Defendants' Rule 9(b) argument boils down to the fact that Metropolitan has not in the Amended Complaint identified the specific patient invoices that are alleged to be fraudulent.

The court, however, is of the view that Metropolitan has satisfied its burden

under *Alternative Systems Concepts* as to ABPT, ARDIPT, and the Katsnelsons. Metropolitan has identified fifty patients by name whose treatment regimens are deemed suspect (the "who") and the times and durations of their treatments (the "when and where"). The Amended Complaint further alleges that all of these patients were overtreated for their injuries and/or their treatments were systematically overbilled (the "what").

The defendants argue in the alternative that Counts I and II (as well as the other tort claims) are barred (in party) by the three-year statute of limitations for tort claims, given that Metropolitan has alleged fraudulent conduct dating back to 2007. As a matter of fairness, the statute of limitations is tolled when a plaintiff has been injured by an "inherently unknowable" wrong. *Flynn v. Associated Press*, 401 Mass. 776, 781 (1988). The "inherently unknowable" standard is no different from and is used interchangeably with the "knew or should have known" standard. *Szymanski v. Boston Mut. Life Ins. Co.*, 56 Mass. App. Ct. 367, 371 (2002). Under Massachusetts law "[f]actual disputes concerning the date on which the plaintiff knew or should have known of his cause(s) of action are resolved by a jury." *Wolinetz v. Berkshire Life Ins. Co.*, 361 F.3d 44, 48 (1st Cir. 2004). Metropolitan credibly counters that it could not have discovered the fraudulent nature of the alleged scheme until the pattern of alleged overbilling and overtreatment emerged and could be exposed by recognition and

investigation. Whether Metropolitan should have discovered this pattern sooner and connected the dots is a matter of disputed fact.

*Counts III and V – the contract-based claims*

As to the breach of contract claim (Count III), defendants argue that Metropolitan has not identified a contract that has been allegedly breached. Metropolitan contends that Mass. Gen. Laws ch. 90, § 34M, imposes reciprocal contractual obligations on all parties, including the covenant of good faith and fair dealing, which defendants breached when they submitted false claims. Section 34M provides that

> [i]n any case where [insurance] benefits [for medical treatment as a result of a vehicular accident] due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter.

The problem with Metropolitan's argument is that section 34M clearly states that a contractual relationship is imposed only when insurance benefits that are "due and payable remain unpaid . . . for more than thirty days." Because Metropolitan has not alleged that it has failed to pay any of the relevant insurance claims to defendants, no statutory contract, express or implied, has been created.

"[T]o make out a claim for interference with advantageous business relations,

6

the plaintiff must prove that (1) he had a business relationship or contemplated contract of economic benefit with a third party, (2) the defendants knew of the relationship, (3) the defendants interfered with the relationship through improper motive *or* means, and (4) the plaintiff's loss of advantage resulted directly from the defendants' conduct." *Kurker v. Hill*, 44 Mass. App. Ct. 184, 191 (1998).  As pled, Count V characterizes agreements to settle the legal liabilities of its insureds owed to third parties as "advantageous business relationship." The Amended Complaint does not allege a basis in fact for concluding that defendants were aware of any potential or actual settlement with any identified party, an essential element of the tort.[5]

*Counts VI – deceptive and unfair business practices*

ABPT and ARDIPT contend that because Chapter 93A is subject to a four-year statute of limitations, Count VI should be dismissed, presumably in part.  For the reasons discussed earlier, this argument is defeated by the "discovery" rule.[6]

**Claims Against the Employee-Defendants**

---

[5] Although by providing treatment and submitting claims for insurance reimbursement it is fair to infer that defendants knew of the underlying insurance contracts and can therefore be found liable for tortious interference with the insurance contract (Count IV), the Amended Complaint provides no basis of support for the further inference that defendants knew that specific patients had brought tort claims, and whether these claims, if brought, were or were not settled (Count V).

[6] Counts VII and VIII are not legal claims, but prayers for relief, and need not be addressed in the context of a motion to dismiss.

The Amended Complaint does not state actionable claims against the employee-defendants. Other than identifying these defendants by name and listing their seemingly mundane job titles, the Amended Complaint makes no specific factual allegations that would suggest that any one of them was a knowing actor in the fraudulent scheme that is alleged.[7] A district court may, on its own initiative, note the inadequacy of a complaint and enter a dismissal. It should do so, however, only after giving the plaintiff notice and an opportunity to address the issue. *Wyatt v. City of Boston*, 35 F.3d 13, 14-15 (1st Cir. 1994); *see also Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002). Consistent with these teachings, the court will give Metropolitan twenty-one days from the date of these decision to show cause why all claims should not be dismissed against the employee-defendants.

## ORDER

Berger's motion to dismiss is GRANTED. The motions to dismiss of ABPT, ARDIPT, and the Katsnelsons are GRANTED as to Counts III and V, and DENIED as to Counts I-II, IV, and VI. Metropolitan will have until February 22, 2013, to show cause why the non-moving defendant-employees should not be dismissed.

---

[7] The only specific factual allegation against an employee-defendant is the allegation that Dr. Goswami "always refer[red] patients for physical therapy" to ABPT and/or ARDIPT. However, there is no allegation that the referrals themselves were fraudulent.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE